UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL FONT, as Parent and Guardian of
M.F.,

      Plaintiff,

v.                                                   Case No. 2:21-cv-444-JLB-NPM

AETNA LIFE INSURANCE COMPANY and
MARRIOTT VACATIONS WORLDWIDE
CORPORATION,

      Defendants.
_____

## **ORDER**

The parties jointly move to stay all deadlines in this case for sixty days. (Doc. 18.) They represent that they have been "communicating regarding . . . a possible resolution" of this case and, "as such, need additional time to work towards [the] resolution." (Id. at 2 ¶ 3.) Moreover, Attorney Emilia A. Quesada represents that she will be substituting as counsel for Defendant Marriot Vacations Worldwide Corporation and will be unavailable from August 13 to August 31. (Doc. 18-1.) A stay, according to the parties, would provide "sufficient time . . . for the substitution of counsel to take place." (Doc. 18 at 2 ¶ 5.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Determining whether a stay is appropriate "calls for the exercise of judgment, which must weigh competing interests and maintain an even

balance." Id. at 254–55. When examining a contested motion for stay, courts generally evaluate the following factors: "(1) whether the stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed, and (3) whether granting the stay would further judicial economy." Garmendiz v. Capio Partners, LLC, No. 8:17-cv-00987-EAK-AAS, 2017 WL 3208621, at *1 & n.2 (M.D. Fla. July 26, 2017) (collecting cases).

Having reviewed the parties' joint motion, the Court is somewhat skeptical of the need for a sixty-day stay under the circumstances. There is nothing stopping the parties from discussing settlement while complying with the deadlines in the Court's Civil Action Order. (Doc. 5.) Moreover, Attorney Quesada will not be unavailable for the entirety of the requested sixty-day stay. That said, the Court encourages settlement negotiations and would have afforded the parties sixty days to dismiss or reopen the case if they had reported a settlement under Local Rule 3.09. Accordingly, in the interest of giving the parties ample time to focus their efforts on reaching an amicable resolution to this case, the Court will grant their request for a sixty-day stay. Given the finite judicial resources and many other case management concerns the Court must address on its docket, the Court respectfully asks the parties to diligently work to reach an amicable resolution of this case during this sixty-day stay period.

Accordingly, it is **ORDERED**:

1. The joint motion to stay case deadlines for sixty days is **GRANTED**.
2. This case is **STAYED until October 18, 2021**.

3. If the parties have not settled upon expiration of the stay, then Defendants shall **immediately** file their answer to the amended complaint, and the parties shall file their case management report **no later than October 25, 2021**.

4. If the parties reach a settlement before the expiration of the stay, they are to promptly advise the Court pursuant to Local Rule 3.09.

5. The Clerk is directed to **both** place a stay flag on this case <u>**and**</u> stay this case **until October 18, 2021.**

**ORDERED** in Fort Myers, Florida, on August 17, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE